*Bayard.* In New Castle County it has not been the practice to issue subpœnas for the surveyors. A *capias ad satisfaciendum* does not authorize the receiving the money, yet it is done; it ought to be considered a part of the surveyor's duty to explain his plots.

BOOTH, C. J. The Court do not discover anything in the warrant directing surveyor's attendance, but we think hereafter the surveyor should be summoned, or a direction in the warrant to lay down pretensions and also to attend, etc. As the practice has not been in all cases hitherto to summon, plaintiff is not censurable, and the cause must be continued.

NOTE. Some attorneys were in the habit of issuing subpœnas, and others not, for the surveyors. And the surveyors, though frequently refusing to attend unless subpœnaed, have nevertheless often claimed surveyors' wages for their daily attendance.

## STATE v. HILL, HAZZARD and others, fifteen in number.

Court of Quarter Sessions. Sussex. April 30, 1799.

*Wilson's Red Book, 237.*[*]

*Wilson,* attorney for all except one defendant, submitted *unica voce.*

One judgment was entered against all who submitted, and in that entry a second fine on each defendant with these words, "and the costs of this prosecution." Costs were taxed against each defendant for every officer, as if there had been but one defendant.

*Wilson* moved for a revision and correction of the taxation of the costs, which was argued at last term and now again at this term. The form of the judgment in this case does not militate against the ground of this motion, for there are certain costs which are to be paid [by] each and every several person who has

---

[*] This case is also reported in *Bayard's Notebook, 246; Rodney's Notes,* April 27, 1799.

submitted; for instance, the costs of each recognizance returned severally by the magistrate, and the words, "and the costs of this prosecution," do not necessarily imply that each defendant is to pay the whole costs, but are proper, *reddendo singula singulis,* as each defendant is to pay a part of the whole, and upon default of some, the rest will also stand committed until the whole is paid, the offense being laid jointly in this indictment, or at least as far as would have been necessary for the prosecution of any one of them; but it [is] unreasonable that some should bear the costs arising from the conviction of the rest, where such costs could not have been incurred upon a conviction of the former. The reason assigned for the present mode of taxation is that the offense of one man cannot be the offense of another; that crimes are in their nature several, and guilt can only relate to the thoughts and actions of the individual. We acknowledge that morally speaking each man's conscience must accuse him only of his own guilt, and that one man is not to answer for the offense of another, and it is on this principle that the judgment in this case would have been erroneous if all the defendants had been fined together, and that fines must be several, *vide* 4 Com.Dig. s. N, 4 (700), 2 Hawk.P.C. bk. 2, c. 48, s. 18, p. 633, 11 Co. 42. But the law does not consider crimes, as to the manner of their commission or the mode of prosecution, to be always several; and it is only in the latter point of view that this subject stands related to the question of costs. As to the manner of prosecuting offenses and bringing offenders to justice, the laws declare some offenses are to be considered as joint, others joint and several, and others several. In the latter kind, two cannot be joined in the same indictment, as for perjury, etc.; in others, they may be joined, and then it is an entire offense, a joint act, 4 Com.Dig. 391, 2 Burr. 984, 1 Str. 623, 2 Str. 921. Reason forbids, in regard of the officers who claim these fees, that they should have fifteen times the fee which the law accounts a compensation for the service against one defendant when he stands alone; and this is more properly a question as to the satisfaction for their services than the demerits of the defendants, who have been severally fined at discretion and are to pay the State in proportion to their offenses and not heap on individuals rewards for services never rendered. Suppose an indictment preferred by the Attorney General against five hundred individuals, which is not found by the grand jury; the county, by 2 Del.Laws 1103, is to pay half fees, and upon this construction must give the Attorney General six hundred dollars for writing half a sheet of paper.

*Bayard* [said that not] being concerned in the question for any but the Attorney General, [he] should confine himself to

his part of the taxation. The objection made in this case is sufficiently met by the judgment, which mentions a fine against each individual "and the costs of this prosecution," the latter being, as well as the fine, a part of the punishment inflicted on them by law. This indictment might have been brought against each individual severally, and the case as to them would have been precisely the same, and then there would have been no question about the costs. The officers were entitled to do so, and in the present mode have saved the public much delay of business. No offense is in its nature joint; and this indictment is a several indictment as it relates to each individual, who may be tried alone on a separate issue if he chooses; then as each defendant has submitted to it, he is bound to pay the costs of it and 2 Del.Laws 1103 is very special in this respect, for it is "to be paid by the party" in the singular number, which must be considered of every party to this indictment. If the intention of the legislature had been otherwise, they would have used the plural and said, "to be paid by the parties convicted." Fines are and ought always to be separate, and the costs accompany them. It is not unusual in the law that one instrument should be considered as several in regard of those concerned. Thus a deed may pass several rights.

*Wilson.* The word, "party," used in the Act is a noun of multitude and may embrace many individuals, and all the defendants may be considered grammatically as one party. In page 1108 there is given the Prothonotary etc., for filing every demurrer, plea, etc. to be paid by the party pleading, seven cents; in this place the word, "party," must be considered as embracing one, or more than one, otherwise nothing is given if two or more join in a plea, which may be joint in every sense of the word; and in several other places of the same page, and in page 1116, the word is used in that sense.

*Curia advisare vult.*

BOOTH, C. J. The Court have taken the case against Hill and others into their consideration, and as far as respects the Attorney General alone, we are of opinion that each defendant is to pay as if there had been several indictments.